1  Gerald VonTobel
2  PO Box 7000
3  Carson City, Nevada 89702
4  Northern Nevada Correctional Center
5  Inmate No. 86814

United States District Court
District of Nevada

Gerald VonTobel          Case No. 3:17-cv-00022-RCJ-CLB
    Plaintiff,           Motion for Leave to File
Vs                       a request for sanctions
State of Nevada et,al,   against the State of
Ms Marsha Johns, et al,  Nevada et,al, Medical
    defendants.          Staff at NNCC, for non-
Also, Ms. Milisa Mitchell compliance of Settlement
Nurses Kathy and Keenen. Agreement, Failure to
Provide ordered treatment, 42 USC § 1983, 8th Amend-
ment failure to Protect. Introduction Demand for Jury Trial

1) Come Now, Plaintiff, Mr Gerald VonTobel, a "pro se" litigant files this Motion for sanctions, due to deny and delay of medical treatment per settlement agreement.

2) Plaintiff, alleges "Retailation", Delay and Denie, Breach of agreement, "Cruel and Unusual Punishment," "Tort of Negligence", "Deprivatation", "Committed by persons acting under the color of State Law, including "Deliberate Indifference"

(1)

## Jurisdiction

3) The US District Court has jurisdiction over violations of Constitutional Rights, Laws, and review. The Court has ultimate control of supplemental jurisdiction pursuant to 42 U.S.C. § 1983, 28 U.S.C § 1331 and 1343.

4) Plaintiff, seeks a declaratory judgment pursuant to 28 U.S.C § 2201, and further, plaintiff his understanding under 42 U.S.C. allegations is appropriate to bring under Venue 28 U.S.C. 1391(b)(2) because a substantial part of the events or ommisions give rise to the claim did occure in the district.

5) The court also holds the power over review under rule 12(b)(e) (see) Chappel V. Lab Corp of America, 232, F3d, 719, 723 (9th cir 2000)

6) Plaintiff, submitts this complaint should not be dismissed for failure to state a claim (see) Morley V. Walker, 175, F3d, 756, 759 (9th cir 1999) as the court has an obligation to make a determination that all allegation as true, and therefore, construe them in the most light possible in favor of the plaintiff (see) Warshaw V. Xoma Corp. 74, F3d, 955, 957 (9th cir 1996)

7) The plaintiff respectfully request the court afford plaintiff's complaint in a less stringent standard then pleadings which are drafted by lawyers (see) Hughes V. Rowe, 449, US, 5, 9, (1980).

8) The plaintiff also request the court allow for grammer and spelling errors as plaintiff lacks a formal education,

(2)

1  and is mediated which effects plaintiffs abilites.
2  9) The court will find during discovery that all
3  allegations have been well documented, supported
4  by facts, to be true and tangible. That they are
5  plausible, and therefore respectfully request the
6  court rely on its common sence in determining
7  whether the complaint gives rise to the element
8  level for the relief requested.
9  10) Plaintff, will in this complaint address arguable
10 basis of both fact and law, as well as constitutional
11 violation issues, which should allow the court to
12 determine whether or not the defendants are
13 immune from litigation. As those actors did act
14 under the color of State Law, and did promulgate
15 unjust Cruel and Unusual Punishment upon plaintiff
16 and cause the "Tort of Negligence" (see) Netzke V. Williams
17 490, US, 319, 327-28 (1989) where plaintiff may have
18 had delusional scenarios, which is not the case in
19 this complaint, as the physical evidence will prove.
20 11) Plaintiff, has the right to access the federal courts
21 when presenting violations of Constitutional issues
22 (see) Shapley V. Nevada Bar, 766, F2d, 404, 407 (9th cir 1985)
23 12) This complaint is liberally constructed as to state a claim
24 for relief (see) Balisteri V. Pacific Police Dept., 901, F2d, 696,
25 699 (9th cir 1990).
26 13) This complaint alleges two essential elements 1)
27 The violations of rights secured under the United States
28 Constitution and/or Federal Laws, and State Laws of Nevada.

(3)

14) Retaliation; This plaintiff alleges staff have retaliated by moving plaintiff from LoveLock State Prision to Northern Nevada State Prison within a month of signing the settlment agreement. When plaintiff argued to remain at LCC.
(see) Stanley V. Litscher F3d 340, 343 (7th cir 2000) were inmate stated claim for retailatory transfer even though transfer did not involve liberty interest; Also (see) Babcock V. White, 102 F.3d at 275, were (claim that official delayed inmates transfer was actionable "even if (the officials) actions did not independently violate the constitution") Notwithstanding, the fact that once at NNCC plaintiff pain medication were "stopped completely". Which caused "Pain and Suffering", "Cruel and Unusual Punishment" and "Deprivatation"

15) The First Amendment prohibits such retailiation against inmates who report complaints, file greivences, or file lawsuts. (see) Thaddeus-X V. Blatter, 175 F3d 378, 394, 398 (6th cir 1999) (en banc) (elements of retaliation claims are: was (1) engaged in protected conduct; (2) that he suffered an adverse action; (3) that a causal connection exsist between the protected conduct and the adverse action, and (4) it detered a person of ordinary fairness from exercising his right to access the courts); Which on 2/6/23 Mr Von Tobel did not get to hear from the Court and A.G. as scheduled.

(4)

16) <u>Denie and Delay</u>; Mr. VonTobel has been denied his treatment (hand surgery) for over 4 years which now the appointment of 2/6/23, was vacated/canceled due to a conflict of appointments, the telephonic hearing with the courts 2/6/23 and the hand specialist 2/6/23 (Note; Neither appointment was honored.) Now, it leaves plaintiff awaiting another long piriod of time to get a hand surgeon to see him, thus, "Delay Again". Plaintiff, alleges that the move to schedule both appointments on 2/6/23 was "deliberate indifference" to his care. This was a deliberate act to continue punishment upon plaintiff (see) Archer V. Dutcher, 733 F.2d. 14, 17, (2nd cir 1984) and (see) Flowers V. Bennett, 123 F Supp. 2d 595, 600-01 (N.D. Ala. 2000) And (see) Estella V Gamble, 429 US. at 105-06; An offical acts with "Deliberate Indifference" when that offical intentionally delays providing an inmate with access to medical treatment, knowning that the condition would be exacerbated by that delay. (see) Oxendine V. Kaplan, 241 F3d 1272, 1278-79 (10th cir 2001)(holding that prison officials showed "Deliberate Indifference" when they delayed the "specialized treatment" of plaintiff's fingers.

17) This is a serious medical need, and has caused continued wanton infliction of pain unnessary, have failed to approve shoes by warden, Nursing Staff have refused the eye glass perscription claiming it's to old (more then a year) but it's not.

(5)

18) Deliberate Indifference: The staff at NNCC have acted with "malicious and sadistic" and "evil" intent repeatedly, with also the "state of mind" in doing so. Those officials knew and/or should have known about a serious danger of additional pain and suffering of Mr. VonTobel's continued pain, yet showed "unconcered, uncaring" to that danger. Thus, posed a provosive danger to his health and well-being, caused added mental "stress, and deprivatation". It was inadequate care, has been through-out the medical care process, even in the "eye's of a court order, and/or settlement agreement.

A) Those officials clearly had advanced notice of the pain in which would continue if the fingers (surgeory) went untreated. (See) Farmer V. Brennan and/or Estelle V. Gamble. Both site defendant's should have known the risk of harm, not to treat would cause plaintiff.

20) "Deliberate Indifference", is satisfied by something less then acts or ommissions for the very purpose of causing harm or with pain, the very fact that overall Vontobel has waited 4 years for the treatment to correct the fingers, and it has hapered every aspect of life, from showering, eating, writting. It has been made known to staff.

(6)

1  2) Tort of Negligence; Tort Law = "wrong or in-
2  jury, in this complaint of failure to abide
3  by the settlement agreement, both are pre-
4  sent (1) The staff and the prison/state have
5  wronged plaintiff by the failure to cure the
6  ongoing pain and suffering caused by delay
7  and denie of medical treatment, simply
8  put, failed to follow their own applied agree-
9  ment. (2) Thus, has caused further wanton
10 pain and suffering, by that failure, and
11 they are well aware (see) Numerous medical
12 request.
13 2) Those basic human rights to access to
14 medical treatment proscribed by doctors,
15 has gone untreated long enough, and the
16 court should take action against those
17 responsible including but not limited to
18 the State of Nevada etal, Medical Staff and
19 the prison authorities; according to Inter-
20 national Human Rights Laws (see) Also, Tafoya
21 V. Salazar, 516 F3d 912, 916-17 (10th Cir 2008)
22 "a jury permitted to infer that the prison offcals
23 had ackual knowlege of the constitutionally
24 infirm condition based soley on circumstantial
25 evidence, such as the obviousness of the
26 condition." And, that the risk is so obvious
27 even a non-medical lay person could see
28 the risk of harm (Addotional pain and suffering)

(7)

23) Failure to Respond Reasonably; This prison is not run-well, prison staff don't take the necessary measures to respond to the inmates medical care, that is well founded (see) All the Law Suits filed by inmates.

24) The staff make no good-faith effort to resolve inhumane conditions, like the pain and suffering of injured inmates. "Once the condition is known to medical staff, steps should be taken to avoid further injury, they simply cannot ignore the issue, but should take the corrective action prescribed/ordered and agreed upon by plaintiff, defendants and the court. (see) Williams V. Griffin, 952 F2d 820, 826 (4th Cir 99)

25) The State has ignored the courts authority, and the jurisdictional authority of 28 U.S.C. §1331 and 28 U.S.C. §1343(a)(3), and 28 U.S.C. §1367(a) by not compling with the approved settlement of the Federal Court.

26) This plaintiff exhausted all avilible remedies avilible, yet still no care. What more can this plaintiff do if the Courts can't make the defendants responsible?

(8)

## Parties

Plaintiff, Gerald Von Tobel, files as a "pro se" litigant, his address is PO Box 7000 Carson City Nevada 89702, Northern Nevada Correctional Center.

Defendants, Attorney General, Mr. Gregory L. Zunino, The Medical Staff and Doctors at NNCC, Ms. Malisia Mitchell, Nurse Kathy, Nurse Keenen.

## Relief Requested

Wherein plaintiff reincorporates all issues stated in this complaint herein inclusively, and in full length, and force as first claim for relief wherefore plaintiff respectfully request the court find in favor of the plaintiff and grant the following relief;

    A) Issue a declatory judgment stating in part, the plaintiff's constitutional rights have been violated by defendants, and grant the following;

    B) Compensatory damages in the amount of $100.00 One Hundred Dollars for every day which has passed, and will pass before the State, Prison, and staff comply with the agreement signed by the AG, Plaintiff, and the Court.

(9)

C) Punitive Damages for continued pain and suffering in the amount of $5,000.00 five Thousand Dollars.

That the court award any and all other amounts which the court may be entitled too.

Respectfully, Submitted this __8th__ day of __Feb__ 2023.

x _Gerald VonTobel_
Gerald VonTobel.