**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

GERALD VON TOBEL,

Plaintiff,

v.

DR. JOHNS, et. al.,

Defendants.

Case No. 3:17-CV-00022-RCJ-CLB

**ORDER DENYING MOTION FOR LEAVE TO FILE REQUEST FOR SANCTIONS, MOTION TO SUPPLEMENT, AND SECOND MOTION FOR SANCTIONS, AND GRANTING MOTION TO SEAL**

[ECF Nos. 110, 112, 114, 116]

This case involves a civil rights action filed by Plaintiff Gerald Von Tobel ("Von Tobel") against Defendant Marsha Johns ("Johns"). Currently pending before the Court are several motions filed by Von Tobel related to the settlement in this case. Von Tobel filed a motion for leave to file a request for sanctions for non-compliance with the settlement agreement, (ECF No. 110). Johns opposed the motion (ECF Nos. 115, 117)[1]. No reply was filed. Von Tobel also filed two motions to supplement the original motion, (ECF Nos. 112, 114).

I.    **DISCUSSION**

On December 12, 2022, the Court was notified that the parties had reached a

---

[1]    Johns filed a motion for leave to file Exhibit C to the response under seal based on it containing confidential institutional and medical information. (ECF No. 116.) When the documents proposed for sealing are "more than tangentially related" to the merits of the case, the Court applies the compelling reasons standard to determine whether sealing is appropriate. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016). Under the compelling reasons standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *United States v. Carpenter*, 923 F.3d 1172, 1179 (9th Cir. 2019) (quoting *Ctr. for Auto Safety*, 809 F.3d at 1096-97) (alteration in original). Here, the referenced exhibits contains Plaintiff's sensitive health information, as well as confidential institutional information. Balancing the need for the public's access to information regarding medical treatment against the need to maintain the confidentiality of the information weighs in favor of sealing these exhibits. Accordingly, the Court finds compelling reasons exist to seal the document, and thus the motion, (ECF No. 116), is granted.

settlement in this case and were ordered to file a stipulation and order to dismiss by no later than December 31, 2022. (ECF No. 100.) On January 10, 2023, the Court issued an order directing the parties to appear for a status conference as no stipulation had been submitted. (ECF No. 102.) The Court noted that the status conference would be vacated should the parties file a stipulation and order to dismiss prior to the hearing date. (*Id.*) On January 17, 2023, the parties filed their stipulation to dismiss, (ECF No. 104), which was granted the same day (ECF No. 106).[2] On February 8, 2023, Von Tobel filed the instant motion for leave to file a request for sanctions for non-compliance with the settlement agreement. (ECF No. 110.) Von Tobel also filed two supplements to his motion, which he claims detail ongoing constitutional violations by Defendant. (ECF Nos. 112, 114.) The Court interprets the motion as one to enforce the settlement.

"Federal courts are courts of limited jurisdiction" and possess only the power authorized by the Constitution and United States statutes. *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994). This power cannot be expanded by judicial order. *Id.* (citing *Am. Fire & Casualty Co. v. Finn*, 341 U.S. 6 (1951)). It is well-settled there is a presumption a cause of action lies outside the federal court's jurisdiction, and that the party asserting jurisdiction has the burden of establishing it. *Kokkonen*, 511 U.S. at 377. Federal courts must have either an independent (constitutional or statutory) basis for jurisdiction over a cause of action, or jurisdiction pursuant to the court's inherent powers or ancillary jurisdiction. *Id.* at 377-78.

In *Kokkonen*, the Supreme Court held federal courts do not have inherent or ancillary jurisdiction to enforce a settlement agreement merely because the subject of the settlement was a federal lawsuit. *Id.* at 381. The Court stated ancillary jurisdiction is generally permissible under two circumstances: "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate

---

[2] While the case was administratively closed, it does not appear judgment was ever entered.

its authority, and effectuate its decrees." *Id*. at 379-80 (internal citations omitted). As to the first circumstance, the Court found it would not be particularly efficient for a federal court to exercise jurisdiction over what is essentially a breach of contract claim because the facts underlying the breach of a settlement agreement "have nothing to do with" the facts of the underlying case. *Id.* at 380.

As to the second circumstance, the Court held a federal court has ancillary jurisdiction to enforce a settlement agreement if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement), or by incorporating the terms of the settlement agreement into the order. *Id.* at 381; *K.C. ex rel. Erica C. v. Torlakson*, 762 F.3d 963, 967 (9th Cir. 2014). Jurisdiction exists in such a case because a breach of the settlement agreement violates a court order. *Kelly v. Wengler*, 822 F.3d 1085, 1094 (9th Cir. 2016) (citing *Kokkonen*, 511 U.S. at 381). If the federal court has no independent jurisdiction over the settlement agreement, and absent making the settlement agreement part of the dismissal order, enforcement of the agreement is for the state courts. *See In re Valdez Fisheries Dev. Ass'n, Inc.*, 439 F.3d 545, 549 (9th Cir. 2006) (holding that when a bankruptcy court had "entered an order approving the settlement agreement and a second order dismissing the case, . . . stating that '[t]he conditions of the settlement hav[e] been fulfilled'" it did not retain jurisdiction over the settlement agreement, nor did it incorporate 'the parties' obligation to comply with [its] terms'"). "Mere awareness and approval of the terms of the settlement agreement" by the judge are not enough to make the settlement agreement part of the dismissal order. *Kokkonen*, 511 U.S. at 381.

Neither of the factors identified in *Kokkonen* apply in this case. Therefore, this Court lacks jurisdiction to enforce the settlement agreement and must deny the motions. (ECF Nos. 110, 112, 114.) Further, to the extent Von Tobel seeks sanctions for alleged non-compliance with the settlement agreement, the Court is again without jurisdiction to decide these issues as they are essentially breach of contract claims.

Finally, even if the Court had jurisdiction to enforce the settlement agreement, it appears Von Tobel's motions are moot as Defendants have submitted evidence that Von Tobel is scheduled for the medical appointment contemplated in the settlement agreement. (*See* ECF No. 117 (sealed).) Therefore, there is nothing further for the Court to enforce from the settlement agreement nor is there any basis to impose sanctions.

## II.   CONCLUSION

Consistent with the above, **IT IS ORDERED** that Von Tobel's motion for leave to file a request for sanctions, and supplemental motions, (ECF Nos. 110, 112, 114), are **DENIED**.

**IT IS FURTHER ORDERED** that the motion to seal, (ECF No. 116), is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court **ENTER JUDGMENT** in accordance with the order dismissing this action with prejudice, (ECF No. 106).

**IT IS SO ORDERED**.

**DATED**: March 2, 2023 _____.

**UNITED STATES MAGISTRATE JUDGE**